UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, F\K\A COUNTRYWIDE HOME LOANS SERVICING, LP,

Plaintiff,

v.

PECCOLE RANCH COMMUNITY ASSOCIATION, *et al.*,

Defendants.

AND ALL RELATED ACTIONS

Case No. 2:16-cv-00660-MMD-CWH

ORDER

## I. SUMMARY

This case arises from the foreclosure sale of property to satisfy a homeowners' association ("HOA Sale") lien. Before the Court are three motions: Defendant Peccole Ranch Community Association's ("HOA") motion for summary judgment (ECF No. 70); Plaintiff and Counter-Defendant Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP's motion for summary judgment (ECF No. 71); and Defendant and Counter-Claimant Saticoy Bay LLC Series 9720 Hitching Rail's ("Saticoy Bay") motion for summary judgment (ECF No. 72).[1] Because the Court agrees that Plaintiff properly tendered the superpriority amount, the Court will grant Plaintiff's motion for summary judgment, and deny Defendants' cross-motions as moot, resolving this case.

///

///

---

[1]The Court has reviewed the parties' responses (ECF Nos. 74, 78, 79, 80), and replies (ECF Nos. 77, 83, 85, 86). Defendant Nevada Association Services, Inc. ("NAS") neither filed its own motion for summary judgment, nor responded to any of the other parties' motions for summary judgment.

## II. RELEVANT BACKGROUND

The following facts are undisputed unless otherwise indicated.

In April 2003, Edna E. Scott ("Borrower") obtained a loan for $163,567 ("Loan") and executed a note secured by a deed of trust ("DOT") on the real property located at 9720 Hitching Rail Drive, Las Vegas, Nevada, 89117 ("the Property"). (ECF No. 71-1 at 2-3.) Plaintiff acquired the DOT via an assignment recorded on November 14, 2011. (ECF No. 71-2.)

Borrower failed to pay HOA assessments, and the HOA recorded a notice of delinquent assessment lien on October 3, 2011, identifying the amount due to the HOA to date as $1,434.04, which included $728.40 for "late fees, collection fees and interest."[2] (ECF No. 71-3 at 2.) The HOA recorded a notice of default and election to sell on December 29, 2011, identifying the amount due to the HOA to date as $2,660.78. (ECF No. 71-4.)

Plaintiff, acting through its agent (the law firm "Miles Bauer") requested from NAS a calculation of the superpriority portion of the HOA's lien and offered to pay that amount.[3] (ECF No. 71-5 at 3, 6-7.) While it never received a response from NAS, Plaintiff ultimately calculated what it believed to be the sum of nine months of common assessments based a statement of account from NAS on another property within the HOA and tendered that amount, $585 ("the Check"), on January 10, 2014.[4] (*Id.* at 3, 9-13.) Miles Bauer's records show the Check was "rejected." (*Id.* at 4, 15-19.)

///
///

---

[2] The notice was recorded by NAS, acting as agent for the HOA. (ECF No. 71-3.)

[3] Plaintiff offers the affidavit of Adam Kendis ("Kendis Affidavit"), a paralegal with Miles Bauer, who authenticated Miles Bauer's business records and explained the information contained within Miles Bauer's records attached to his affidavit. (ECF No. 71-5 at 2-4.)

[4] The HOA also responded to one of Plaintiff's interrogatories that the monthly assessment amount was $65. (ECF No. 71-6 at 7-8.) Nine months of assessments is therefore $585.

2

The HOA recorded a notice of foreclosure sale on January 23, 2014. (ECF No. 71-7.) The HOA proceeded with the HOA Sale on February 14, 2014, and Saticoy Bay purchased the Property at the HOA Sale for $51,500. (ECF No. 71-8.)

Plaintiff asserts claims for: (1) quiet title/declaratory judgment against all Defendants; (2) breach of NRS § 116.1113 against NAS and the HOA; (3) wrongful foreclosure against NAS and the HOA; and (4) injunctive relief against Saticoy Bay. (ECF No. 1 at 6-15.) Saticoy Bay asserts counterclaims for quiet title and declaratory relief. (ECF No. 8 at 5-6.)

### III.  LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once

the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (citation omitted). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

## IV. DISCUSSION

Plaintiff argues it is entitled to summary judgment on its declaratory relief/quiet title claim because, in pertinent part, Plaintiff tendered the superpriority portion of the HOA's lien when Plaintiff's agent sent the Check to the HOA's agent. (ECF No. 71 at 5-8.) The Court agrees that Plaintiff properly tendered the superpriority amount, and accordingly declines to address the parties' other arguments in their motions for summary judgment and corresponding responses.

In several recent decisions, the Nevada Supreme Court effectively put to rest the issue of tender. For example, in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev.), *as amended on denial of reh'g* (Nov. 13, 2018), the Nevada Supreme Court held "[a] valid tender of payment operates to discharge a lien or cure a default." *Id.* at 117, 121. And it reaffirmed that "that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid

assessments." *Id.* at 117. More recently, the Nevada Supreme Court held that an offer to pay the superpriority amount coupled with a rejection of that offer discharges the superpriority portion of the HOA's lien, even if no money changed hands. *See Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, Case No. 73785, --- P.3d ---, 2019 WL 1087513, at *1 (Mar. 7, 2019).

Here, Plaintiff tendered the superpriority amount. (ECF No. 70-5; *see also* ECF No. 71-6 at 7-8 (stating the monthly assessment amount was $65); ECF No. 71-12 at 7 (indicating Borrower did not owe any nuisance or abatement fees).) Thus, the HOA Sale did not extinguish Plaintiff's DOT, even though the HOA rejected Plaintiff's tender. *See Bank of America*, 427 P.3d at 121-22; *see also Thomas Jessup*, 2019 WL 1087513, at *4.

Saticoy Bay's primary argument in opposition to Plaintiff's motion for summary judgment is that Plaintiff had to record its tender in order for the tender to be effective under the doctrine of equitable subrogation. (ECF No. 78 at 7.) However, despite Saticoy Bay's statement to the contrary (*id.* at 2), the Nevada Supreme Court rejected the argument that a tender payment must be recorded to be effective in *Bank of America*. *See* 427 P.3d at 119-120. Further, as Plaintiff argues (ECF No. 86 at 3), equitable subrogation does not apply to an HOA's lien because tender satisfies the superpriority portion of the lien by operation of law. (*Id.* (quoting *Bank of America*, 427 P.3d at 120).) Thus, the Court is not persuaded by that argument.

Saticoy Bay also takes issue with certain statements and conditions contained in Plaintiff's letter that accompanied the Check. (ECF Nos. 78 at 10-12.) The HOA similarly argues that the tender included conditions and the HOA was justified in rejecting the offer. (ECF No. 74 at 6-8.) These arguments were also rejected by the Nevada Supreme Court in *Bank of America*, 427 P.3d at 118-119. And the reasons for rejecting the offer do not figure into the Court's analysis. The fact of rejection, coupled with an offer to pay the superpriority amount, is sufficient to discharge the superpriority portion of the HOA's lien. *See Thomas Jessup*, 2019 WL 1087513, at *4.

Further, Saticoy Bay challenges the evidence Plaintiff offers to support its tender argument. In particular, Saticoy Bay attacks an affidavit of Douglas E. Miles. (ECF No. 78 at 17-20.) However, Plaintiff supported its tender argument with the Kendis Affidavit, not an affidavit from Douglas E. Miles. (ECF No. 71-5.) To the extent Saticoy Bay is attempting to argue that the documents attached to the Kendis Affidavit are not property authenticated, contained inadmissible hearsay, or that the affidavit was not made based upon personal knowledge, the Court disagrees. The Court instead agrees with Plaintiff that it has presented admissible evidence to demonstrate that it tendered the superpriority amount and the HOA rejected its tender. (ECF No. 86 at 7-11.) The Kendis Affidavit properly authenticated the documents offered and explained what the screenshot of Miles Bauer's case management notes reflects. Kendis need not have personal knowledge that NAS returned the Check to attest that Miles Bauer's case management note reflects that the Check was returned. Further, Saticoy Bay has not offered any admissible evidence to create a genuine issue of material fact regarding whether Plaintiff tendered the Check and NAS rejected it.

In sum, the Court finds that Plaintiff has demonstrated entitlement to summary judgment on its first claim for relief. In its Complaint, Plaintiff primarily requests a declaration that its DOT survived the HOA Sale. (*See* ECF No. 1 at 15.) Given that Plaintiff has received the relief it requested, the Court dismisses Plaintiff's remaining claims as moot. Further, the Court denies the HOA and Saticoy Bay's motions for summary judgment (ECF Nos. 70, 72) as moot because it grants Plaintiff's motion. While NAS did not respond to Plaintiff's motion, the Court *sua sponte* grants summary judgment in favor of Plaintiff and against NAS on Plaintiff's first claim for relief and dismisses Plaintiff's remaining claims against NAS for the same reason. *See Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence.") (citation omitted). Similarly, the Court

grants summary judgment to Plaintiff on Saticoy Bay's quiet title counterclaim. (ECF No. 8 at 5-6.)

**V.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion for summary judgment (ECF No. 71) is granted as to Plaintiff's first claim for relief. The Court declares that Plaintiff's DOT survived the HOA Sale and continues to encumber the Property. Plaintiff's remaining claims are dismissed as moot.

It is further ordered that the HOA's motion for summary judgment (ECF No. 70) is denied as moot.

It is further ordered that Saticoy Bay's motion for summary judgment (ECF No. 72) is denied as moot.

The Clerk of Court is directed to enter judgment in Plaintiff's favor on its first claim for relief, and on Saticoy Bay's quiet title counterclaim, in accordance with this order, and close this case.

DATED THIS 19th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

7